5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David EDWARDS, Defendant-Appellant.
 No. 93-50131.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 10, 1993.
 
 Appeal from the United States District Court, for the Southern District of California, D.C. No. CR-92-0444-01-RMB; Rudi M. Brewster, District Judge, Presiding.
 S.D. Cal.
 AFFIRMED.
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Edwards appeals his sentence imposed following his guilty plea to three counts of fraud relating to account access devices in violation of 18 U.S.C. Sec. 1029, sixty-one counts of mail fraud in violation of 18 U.S.C. Sec. 1341, and fourteen counts of wire fraud in violation of 18 U.S.C. Sec. 1343. Edwards contends that the district court erred in calculating the amount of loss caused by his fraudulent scheme. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for clear error the district court's calculation of the amount of loss. United States v. Davis, 922 F.2d 1385, 1388 (9th Cir.1991). The base offense level for fraud is 6. U.S.S.G. Sec. 2F1.1(a). If the loss caused by the fraud exceeds $2,000, then the offense level is adjusted upward. U.S.S.G. Sec. 2F1.1(b)(1). "Loss means the value of the property taken...." U.S.S.G. Sec. 2B1.1, comment. (n. 2) (for example, "[i]n the case of a theft of a check or money order, the loss is the loss that would have occurred if the check or money order had been cashed"); see U.S.S.G. Sec. 2F1.1, comment. (n. 7) (referring to Sec. 2B1.1 commentary). "A product's fair market value ordinarily constitutes an appropriate measure of loss." United States v. Mullins, 992 F.2d 1472, 1479 (9th Cir.1993) (citing United States v. Hernandez, 952 F.2d 1110, 1118 (9th Cir.1991), cert. denied, 113 S.Ct. 334 (1992)), cert. denied, 113 S.Ct. 2997 (1993), petition for cert. filed, --- U.S.L.W. ---- (July 6, 1993) (No. 93-5096). The district court should consider the probable or intended loss, rather than the actual loss suffered by the victim of the fraud. U.S.S.G. Sec. 2F1.1, comment. (n. 7); Mullins, 992 F.2d at 1479 (loss resulting from purchase of airline tickets with fraudulently obtained frequent flier miles). "[T]he loss need not be determined with precision." U.S.S.G. Sec. 2F1.1, comment. (n. 8).
 
 
 4
 Edwards fraudulently obtained frequent flier miles in multiple USAir frequent flier accounts. He used these miles to obtain approximately 73 certificates for free travel on USAir flights and sold some of the certificates through newspaper advertisements. He used five fraudulently obtained credit cards in this scheme. He also fraudulently obtained senior citizen discount fares on USAir flights.
 
 
 5
 Edwards's base offense level was 6. The district court adjusted the offense level upward by 6 levels under U.S.S.G. Sec. 2F1.1(b)(1)(G) on the basis of a loss calculated as between $70,000 and $120,000, and sentenced Edwards to eighteen months imprisonment at the upper end of his Guidelines range. The district court calculated that each of the 73 free travel certificates was worth approximately $1,000, basing its determination on the cost of a full-fare, unrestricted ticket. The district court did not include $7,200 that the government attributed to the fraudulently obtained senior citizen discounts.
 
 
 6
 Edwards contends that the government did not prove any actual loss with regard to the free travel certificates because the government did not show that the certificates were used to obtain tickets. This contention lacks merit because the district court may consider probable or intended loss. See U.S.S.G. Sec. 2F1.1, comment. (n. 7); Mullins, 992 F.2d at 1479.
 
 
 7
 Edwards also contends that the district court erred by finding that each certificate was worth approximately $1,000 on the basis of the value of an average "Y" fare airplane ticket. Edwards contends that a more accurate figure is $60.88 per certificate because USAir's cost per passenger mile was 11.47 cents in 1989 and 10.84 cents in 1990, and the average journey was 551.0 miles in 1989 and 591.9 miles in 1990. The tickets obtained with frequent flier certificates were not subject to all of the restrictions applicable to discount fare tickets. Accordingly, $1,000 was not a clearly erroneous calculation of the fair market value of the certificates. See Mullins, 992 F.2d at 1479; Hernandez, 952 F.2d at 1118. Moreover, the district court also relied on Edwards's intention to cash in the many additional frequent flier miles that he had accrued. See U.S.S.G. Sec. 2F1.1, comment. (n. 7); Mullins, 992 F.2d at 1479. The district court did not clearly err by finding that the amount of loss was $75,552. See Davis, 922 F.2d at 1388.
 
 
 8
 Finally, Edwards contends that the district court erred by attributing loss to the fraudulent senior citizen discounts. This contention lacks merit because the record shows that the district court did not include the $7,200 senior citizen discount amount in the total loss amount. Moreover, because the amount of loss attributable to the free travel certificates was over $70,000, any error regarding the senior citizen discounts would not affect the applicable offense level.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3